87 A.3d 807

INTERTRUST GCN, LP, Intertrust GCN GP, LLC General Partner, and H.F. Lenfest, Petitioners

v.

INTERSTATE GENERAL MEDIA, LLC, Respondent.

General American Holdings, Inc., Intervenor Below.

No. 28 EM 2014.

Supreme Court of Pennsylvania.

March 21, 2014.

## ORDER

PER CURIAM.

AND NOW, this 21st day of March, 2014, the Emergency Application for Extraordinary Relief Pursuant to Pa.R.A.P. 3309, 42 Pa.C.S. § 726 and Kings Bench Power is hereby DENIED.

Justice McCAFFERY did not participate in this matter.

Chief Justice CASTILLE files a dissenting statement in which Justice STEVENS joins.

Chief Justice CASTILLE, dissenting.

Because I would grant the application for extraordinary relief sought by petitioners Intertrust GCN, L.P. and H.F. Lenfest, requesting that we exercise either our extraordinary jurisdiction or our King's Bench powers so as to pass upon the important legal issue presented, I must respectfully dissent. In my view, the application raises an issue of first impression regarding whether the jurisdiction of Delaware courts is exclusive relative to dissolution proceedings for a Delaware limited liability company ("LLC"), despite the fact that the relevant LLC documents do not identify Delaware as the exclusive jurisdiction to resolve disputes, and despite the fact that the matter involves the dissolution and sale of Interstate General Media, LLC ("IGM"), the company that owns and operates

*The Philadelphia Inquirer, The Philadelphia Daily News,* and *philly.com,* and where IGM's operations, offices and assets are all located in Pennsylvania. It is undisputed that the Philadelphia Court of Common Pleas has personal jurisdiction over the parties, that the parties agree that IGM should be dissolved, and that petitioners selected the host state as their forum of choice for dissolution proceedings.

These dissolution proceedings were filed by petitioners in the Philadelphia Court of Common Pleas on January 2, 2014, one day before dissolution proceedings were filed in the Delaware Court of Chancery by intervenor General American Holdings, Inc.[1] The matter was assigned to the same trial judge who previously presided over extensive related litigation regarding the attempted firing of the editor of *The Philadelphia Inquirer,* William K. Marimow. Apparently, that dispute became the impetus for dissolution. On February 7, 2014, the trial judge entered an order stating that the court "decline[d] to exercise jurisdiction" over the dissolution proceedings, and dismissed the Pennsylvania action. The judge then filed an opinion on February 18, 2014, in which she explained that Pennsylvania "did not have jurisdiction" over the matter, under 6 Del. C. § 18–802, which supposedly "grants exclusive subject jurisdiction to the Delaware Court of Chancery to hear and determine petitions for judicial dissolution." Subsequently, the Delaware Court of Chancery scheduled an expedited hearing in the Delaware dissolution action for March 28, 2014. As a result, petitioners have sought expedited relief in this Court.[2] I would grant review and decide the question for the following reasons.

First, the trial judge below erred in interpreting Delaware's statute regarding the authority of the Court of Chancery over dissolution matters such as this one as conferring "exclusive"

1. Petitioner Intertrust and intervenor-respondent General American Holdings are IGM's two Managing Members, and petitioner Lenfest is IGM's Chairman of the Board.

2. Petitioners also sought relief in the Superior Court of Pennsylvania. The Superior Court docket indicates that it has scheduled expedited briefing, but, in any event, this Court may assert plenary jurisdiction over any matter pending in any Pennsylvania court at any stage of the proceedings. 42 Pa.C.S. § 726.

subject matter jurisdiction upon the Delaware courts. The applicable Delaware statute actually states: "On application by or for a member or manager the Court of Chancery may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with a limited liability company agreement." 6 Del. C. § 18–802. In my view, petitioners have made a more than colorable showing that the provision does not purport to vest exclusive jurisdiction in the Delaware courts as against any other proper forum, such as the Pennsylvania courts, but instead simply confers upon the Delaware Court of Chancery discretionary authority to decree dissolution of an LLC in appropriate circumstances. *See Haley v. Talcott,* 864 A.2d 86, 93 (Del.Ch.2004) (even if there are no facts under which LLC could carry on business in conformity with LLC Agreement, remedy of dissolution remains discretionary). The trial court's reliance on Section 18–802 as definitive support for the holding that Pennsylvania courts do not have subject matter jurisdiction over these proceedings is misplaced. *See Beneficial Consumer Discount Co. v. Vukman,* 77 A.3d 547, 552 (Pa.2013) (in absence of clear legislative mandate, laws are not to be construed to decrease jurisdiction of Pennsylvania courts).

Moreover, although IGM's LLC agreement mandates that Delaware law governs the substance of disputes, the parties did not select Delaware state courts as the exclusive forum for disposing of those disputes, although they certainly could have done so in the first instance. I have strong reservations against accepting the notion that a Delaware statute which merely speaks to the discretionary power of the Court of Chancery to order dissolution operates to deny Pennsylvania the power to render justice in a case, properly brought within its borders, seeking a similar remedy. It would be one thing if the trial court dismissed the matter in an exercise of discretion, or for some other prudential reason founded in law; but dismissal based upon a misapprehension of Pennsylvania's judicial power is quite another matter. In my respectful view, this is the sort of issue warranting exercise of the Court's extraordinary jurisdiction.

In my view, the trial court's broad holding that Pennsylvania courts lack subject matter jurisdiction to adjudicate the dissolution and liquidation of a foreign LLC whose operations, offices, and assets are all in Pennsylvania, and which operates the main media in Pennsylvania's largest city, is of immediate public importance such that this Court should exercise plenary review. *See* 42 Pa.C.S. § 726 (Supreme Court may assume plenary jurisdiction of any matter involving issue of immediate public importance pending before any court at any stage in order to "cause right and justice to be done"). *See also Cunliffe v. Consumers' Ass'n of America*, 280 Pa. 263, 124 A. 501, 503 (1924) (affirming order to appoint receiver and liquidate Delaware corporation's assets; Pennsylvania court has general jurisdiction over foreign corporations doing business in Pennsylvania, particularly where all assets are located in Pennsylvania). Hence, I respectfully dissent.

Justice STEVENS joins this dissenting statement.